# AMENDED

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 21, 2020
Lyle W. Cayce
Clerk

No. 17-51060

WHOLE WOMAN'S HEALTH, *on behalf of itself, its staff, physicians and patients*; PLANNED PARENTHOOD CENTER FOR CHOICE, *on behalf of itself, its staff, physicians, and patients*; PLANNED PARENTHOOD OF GREATER TEXAS SURGICAL HEALTH SERVICES, *on behalf of itself, its staff, physicians, and patients*; PLANNED PARENTHOOD SOUTH TEXAS SURGICAL CENTER, *on behalf of itself, its staff, physicians, and patients*; ALAMO CITY SURGERY CENTER, P.L.L.C., *on behalf of itself, its staff, physicians, and patients, doing business as* ALAMO WOMEN'S REPRODUCTIVE SERVICES; SOUTHWESTERN WOMEN'S SURGERY CENTER, *on behalf of itself, its staff, physicians, and patients*; CURTIS BOYD, M.D., *on his own behalf and on behalf of his patients*; JANE DOE, M.D., M.A.S., *on her own behalf and on behalf of her patients*; BHAVIK KUMAR, M.D., M.P.H., *on his own behalf and on behalf of his patients*; ALAN BRAID, M.D., *on his own behalf and on behalf of his patients*; ROBIN WALLACE, M.D., M.A.S., *on her own behalf and on behalf of her patients*,

*Plaintiffs—Appellees*,

versus

KEN PAXTON, ATTORNEY GENERAL OF TEXAS, *in his official capacity*; JOHN CREUZOT, DISTRICT ATTORNEY FOR DALLAS COUNTY, *in his official capacity*; SHAREN WILSON, CRIMINAL DISTRICT ATTORNEY FOR TARRANT COUNTY, *in her official capacity*; BARRY JOHNSON, CRIMINAL DISTRICT ATTORNEY FOR MCLENNAN COUNTY, *in his official capacity*,

*Defendants—Appellants*.

No. 17-51060

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-690

_____

Before STEWART, DENNIS, and WILLETT, *Circuit Judges.*

IT IS ORDERED that Appellants' joint opposed motion for stay pending appeal is DENIED.

James L. Dennis, *Circuit Judge*.

Nearly 1,000 days ago, a federal district court declared that Texas Senate Bill 8 placed an undue burden on a woman's right to access a pre-viability abortion and enjoined its enforcement. Texas appealed that same day. Now, almost three years later, the State seeks to stay the judgment below. Because the State's motion is procedurally improper, it must be denied.

I.

As an initial matter, we address our dissenting colleague's view that the motion should be granted, and this case remanded, because the governing legal standards have supposedly changed in light of the Supreme Court's decision in *June Medical Servs. LLC v. Russo*, 140 S. Ct. 2103 (2020). Respectfully, this is not so. *June Medical Servs. LLC v. Russo*, 140 S. Ct. 2103 (2020), has not disturbed the undue-burden test, and *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016), remains binding law in this Circuit.

*June Medical* was a 4-1-4 decision. "Ordinarily, '[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as the position taken by those Members who concurred in the judgment[] on the narrowest grounds.'" *United States v. Duron-Caldera*, 737 F.3d 988, 994 n.4 (5th Cir. 2013) (first alteration in original) (quoting *Marks v. United States*, 430 U.S. 188, 193 (1977)). But as we have repeatedly explained, this "principle . . . is only workable where there is some 'common denominator upon which all of the justices of the majority can agree.'" *Id.* (quoting *United States v. Eckford*, 910 F.2d 216, 219 n. 8 (5th Cir. 1990)). When a concurrence does not share a "common denominator" with, or cannot "be viewed as a logical subset of," a plurality's opinion, it "does not provide a controlling rule" that establishes or overrules precedent. *Id.*

3

In *June Medical*, the only common denominator between the plurality and the concurrence is their shared conclusion that the challenged Louisiana law constituted an undue burden. *Compare* 140 S. Ct. at 2132 (plurality opinion), *with id.* at 2141-42 (Roberts, C.J., concurring in the judgment). What they obviously disagreed on is the proper test for conducting the undue-burden analysis: the plurality applied *Hellerstedt*'s balancing of the law's burdens against its benefits, while the concurrence analyzed only the burdens. *Compare* 140 S. Ct. at 2132, *with id.* at 2141-42. Indeed, the Chief Justice expressly disavowed the plurality's test. *See id.* at 2136; *cf. Duron-Caldera*, 737 F.3d at 994 n.4 (holding that, in the Supreme Court's decision in "*Williams*[ *v. Illinois*, 132 S. Ct. 2221 (2012)], there is no such common denominator between the plurality opinion and Justice Thomas's concurring opinion. Neither of these opinions can be viewed as a logical subset of the other. Rather, Justice Thomas *expressly disavows* what he views as 'the plurality's flawed analysis,' including the plurality's 'new primary purpose test.'" (quoting *Williams,* 132 S. Ct. at 2255, 2262 (Thomas, J., concurring) (emphasis added))).

Thus, under our Circuit's reading of the *Marks* principle, that the challenged Louisiana law posed an undue burden on women seeking an abortion is the full extent of *June Medical*'s ratio decidendi. The decision does not furnish a new controlling rule as to how to perform the undue-burden test. Therefore, *Hellerstedt*'s formulation of the test continues to govern this case, and because the district court correctly applied *Hellerstedt*'s balancing test, remand is not warranted.

Curiously, the dissent does not cite our relevant precedents or our court's common-denominator/logical-subset rule. Instead, it cites Justice Kavanaugh's statement, in dissent in *June Medical*, that five Justices disapproved of the *Hellerstedt*'s balancing test for determining undue burden. *See* Dissenting Op. at 2 (quoting *June Med. Servs. LLC*, 140 S. Ct. at 2182

4

(Kavanaugh, J., dissenting)). With all due respect, this observation is of no moment in determining the Court's holding. *See* 430 U.S. at 193 (explaining that when no opinion receives a majority of votes the Court's holding is "viewed as that position taken by those Members who *concurred in the* judgment[] on the narrowest grounds (emphasis added)). And any intimation that the views of dissenting Justices can be cobbled together with those of a concurring Justice to create a binding holding must be rejected. That is not the law in this or virtually any court following common-law principles of judgments.

II.

The State's stay motion is also patently procedurally defective. To understand why, it bears emphasizing that the State's appeal has been pending before this court for nearly 1,000 days. Never during this time period has the State moved in the district court for a stay. Instead, it asks this court to hear in the first instance its profoundly belated motion. But Federal Rule of Appellate Procedure 8(2) mandates that the party moving for a stay in a court of appeals must have either first tried and failed to obtain a stay in the district court or, alternatively, "show that moving first in the district court would be impracticable." FED. R. APP. P. 8(a)(2)(A). As noted, Texas bypassed the first route.

As for the second, Texas's explanations for the purported impracticability of moving in the district do not pass muster. The State cites *Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981), in which we explained that stay motions must first be presented to the district court "unless it clearly appears that further arguments in support of the stay would be pointless in the district court." But the problem here is that the State does not even attempt to explain why it would be "pointless" to move first in the district court. Perhaps that is because, under our precedents, it would not be. *Cf.*

5

*Bayless v. Martine*, 430 F.2d 873, 879 (5th Cir. 1970) ("It does not follow from the refusal to grant a preliminary injunction pending a trial in the court below that the district court would refuse injunctive relief pending an appeal."). The State appears to apply a presumption of bad faith on the part of the district court when the appropriate presumption is of course just the opposite. *See Evans v. Michigan*, 568 U.S. 313, 325-266 (2013) ("We presume here, as in other contexts, that courts exercise their duties in good faith.").

Notably, after waiting years to file this motion, the only recent development the State identifies is the Supreme Court's decision in *June Medical*. But that the State may now presume its litigation position to be more favorable due to an intervening Supreme Court decision clearly does not bear on its ability to move in the district. Preference and impracticability are not synonyms.

The State's failure to show the impracticability of moving first in the district court is sufficient grounds to deny its motion. *See, e.g.*, *SEC v. Dunlap*, 253 F.3d 768, 774 (4th Cir. 2001) (explaining that movant's failure to move first in the district court for a stay or explain why doing so was impracticable "constitutes an omission we cannot properly ignore" and thus denying the motion (citing *Hirschfield v. Bd. of Elections*, 984 F.2d 35, 38 (2d Cir. 1993) (denying motion to stay judgment because there was 'no explanation why the instant motion for a stay pending appeal was made in the first instance to [the appellate court]"))); *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930-31 (6th Cir. 2002) (seeking a stay pending appeal first in the district court is "[t]he cardinal principle of stay applications" and denying the stay motion where "[t]he defendant did not so move below and has not made any showing that such a motion would be impracticable" (first alteration in original) (quoting 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3954 (3d ed. 1999))).

## III.

For these reasons, the State's motion for a stay is denied.

Carl E. Stewart, *Circuit Judge*, concurs.

Don R. Willett, *Circuit Judge*, dissenting:

    I would grant the State of Texas's motion to stay the injunction.

    The Supreme Court recently divided 4-1-4 in *June Medical Services LLC v. Russo*, 140 S. Ct. 2103 (2020). The opinions are splintered, but the takeaway seems clear: The three-year-old injunction issued by the district court in this case rests upon a now-invalid legal standard. *See Hopkins v. Jegley*, No. 17-2879, 2020 WL 4557687, at *1-2 (8th Cir. Aug. 7, 2020) (explaining that *June Medical* upended the previous cost-benefit balancing test for reviewing the constitutionality of abortion restrictions); *June Med. Servs.*, 140 S. Ct. at 2182 (Kavanaugh, J., dissenting) ("Today, five Members of the Court reject the *Whole Woman's Health* cost-benefit standard.").

    I would grant the motion to stay. Additionally, I would remand the underlying merits appeal to the district court for reconsideration under the now-governing legal standard. *See Box v. Planned Parenthood of Ind. & Ky., Inc.*, No. 19-816, 2020 WL 3578672, at *1 (U.S. July 2, 2020) and *Box v. Planned Parenthood of Ind. & Ky., Inc.,* No. 18-1019, 2020 WL 3578669 (U.S. July 2, 2020) (remanding "for further consideration in light of *June Medical*").

    Because the majority does otherwise, I respectfully dissent.